ous exceptions in the case present error for which the judgment should be disturbed.

Judgment affirmed, with costs.    All concur.

(20 Misc. Rep. 571.)

## TUSCH v. GERMAN SAV. BANK IN CITY OF NEW YORK.

(Supreme Court, Appellate Term.  July 1, 1897.)

POWER OF ATTORNEY—EFFECT AS TRUST DEED.

   One B., when near death, executed an instrument, drawn up on a blank form of power of attorney, by which he appointed one T. his attorney to draw $100 from the bank for herself, also $150 for funeral expenses and a headstone, to give his carpenter's tools to one W., and to draw the balance of moneys in bank, and distribute the same among certain relatives and friends. This instrument B. immediately delivered to T., with his savings bank pass book. *Held*, that the instrument, though invalid as a power of attorney after B.'s death, was good as a trust deed of personal property, and vested the title in T., notwithstanding a power of revocation of the trust remained in B., which he might have exercised had he recovered.

Appeal from city court of New York, general term.

Action by Julia H. Tusch against the German Savings Bank in the City of New York.  A judgment entered upon a verdict in favor of plaintiff was affirmed by the general term of the city court (45 N. Y. Supp. 1149), and defendant appeals.  Affirmed.

The action was brought to recover $780.38, a deposit made in defendant's bank by Edwin Godlib Bohm, as appears by his pass book issued by the bank; the plaintiff claiming by virtue of the following instrument, executed and acknowledged by the depositor:

"Know all men by these presents that I, Edwin Godlib Bohm, have made, constituted, and appointed, and by these presents do make, constitute, and appoint, Julia H. Tusch my true and lawful attorney, for me, and in my name, place, and stead, to draw one hundred dollars from the bank for herself; also one hundred and fifty dollars for funeral expenses and the purchase of a headstone; and to give my friend William Tusch, after my death, my carpenter tools; and also to draw the balance of all moneys in bank belonging to me, and to be distributed equally between my brother and two sisters in Germany; also to draw what money there is coming to me from the United States Savings and Loan Bank, and to give it to my friend, William Tusch, giving and granting unto the said attorney full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done in and about the premises, as fully to all intents and purposes as I might or could do if personally present, with full power of substitution and revocation; hereby ratifying and confirming all that the said attorney or her substitute shall lawfully do or cause to be done by virtue hereof. In witness whereof I have hereunto set my hand and seal the twentieth day of July, in the year one thousand eight hundred and ninety-six.                    Edwin Godlib Bohm. [L. S.]

   "Sealed and delivered in the presence of Agnes P. McGonigle."

(Duly acknowledged.)

The complaint alleged the execution and delivery to the plaintiff of the foregoing instrument, and described it as "a power of attorney and trust deed," and also alleged the delivery to the plaintiff of the pass book vesting all the title to the said money on deposit in the plaintiff for the purposes in said instrument described; and that thereafter the said Bohm died, and that since his decease plaintiff caused a demand to be made upon the defendant for the moneys deposited to his credit, producing at the same time the said bank and deposit book, but that defendant refused to pay over the same. The defense, in addition to certain denials upon information and belief, set up that the alleged power of at-

torney mentioned in the plaintiff's complaint was ineffectual and invalid in law at the time of the demand upon the bank by the plaintiff, the said Bohm at that time being dead; and that defendant is ready and willing to pay over the moneys deposited to his credit to his legal representatives.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Frederick W. Holls and Holls, Wagner & Burghard, for appellant. A. H. Parkhurst and Browne & Sheehan, for respondent.

DALY, P. J.    The right of the plaintiff to recover depends upon the written instrument which was delivered to her at the time that the bank or pass book was also delivered, since her title to the moneys on deposit is derived solely from the writing in question.   The evidence in the case shows that the depositor, Bohm, was very ill, and did not expect to live, and died two or three days after the delivery of the paper and book to the plaintiff; that he wanted to go down to the bank to draw his money, but he was either too sick, or it was raining, and the plaintiff would not allow him to go, and draw the money; that the doctor brought an attorney, and Bohm "wanted to put it in black and white"; and that he delivered the book and paper to the plaintiff in the presence of the doctor and the attorney.    The complaint does not allege a gift causa mortis, but a power of attorney and a trust deed.   So far as the power of attorney is concerned, the appellant successfully assailed any right in plaintiff by virtue thereof, since such a power is necessarily revoked by the death of the party executing it, and before any attempt is made to act under it. The complaint describes the instrument under which the plaintiff claims as a trust deed as well as a power of attorney, and, if a trust was thereby created, the form of the instrument may be disregarded, and the fact that a power of attorney was contained in it will not affect the validity of the trust.   The attorney who was called in to draw the paper used as a vehicle for recording the wishes of his client a form of power of attorney, but that fact will not defeat the intention of the deceased if his purpose to create a valid trust is plainly apparent from the writing.    Such intention in this case is clearly expressed, and should be carried out, if possible.    As it is a trust of personal property, it could be created without a writing, and, as the appellant concedes, it is competent and proper to take into consideration the surrounding facts and circumstances evidencing the motive and intent of the testator.    The contention of appellant is that the instrument is ineffectual as a trust deed, because it negatives the idea of a present vesting of title in the plaintiff, which is the first essential requisite in the creation of a trust.    But the basis of this argument is the inconsistency between a power of attorney and a trust, since in the former case the principal retains the title, conferring only the power of disposition upon another as his agent, while "to create a trust it is necessary that there should be an intention on the part of the donor to part with all interest in the subject of the trust, and to vest the title in another by some act sufficient to pass the title.    The question of intent controls."    Markey v. Markey (Com. Pl.) 13 N. Y. Supp. 925.    If, however, the form of the instrument, namely, that of a power of attorney, is purely accidental, it will not affect a trust other-

wise clearly expressed in it.    If the intention of the donor is to create
a trust, and that is clearly apparent, such intention will control, in-
stead of the mere matter of form.

It might, at first sight, seem that there was no intention to vest title
in the donee, since this instrument was certainly made in contempla-
tion of death, and with the same reservation of power to revoke it as
exists in the case of gifts causa mortis.    That is to say, had Bohm re-
covered from the illness under which he was suffering at the time that
he executed this instrument, and attempted to recover his pass book
and other property mentioned in the paper from the plaintiff, he would
have had the undoubted right to do so, and any attempt of the plain-
tiff to retain them against his wishes would have received no sup-
port from the courts.    But this view of the intention of the donor
is not inconsistent with the creation of a valid trust.    Valid trusts
may be created, revocable at the pleasure of the settlor.    27 Am. &
Eng. Enc. Law, 310.    The instrument in question might have pro-
vided for a revesting of the property in Bohm in case of his recovery,
and, notwithstanding, the title would have passed, subject to such a
contingency.    The circumstances under which the paper was ex-
ecuted imply the reservation of a power of revocation, and, while this
protects amply the rights of a person in the condition of the deceased,
it does not affect the validity of the disposition which he clearly in-
tended to make, and which was to take effect immediately, subject
only to the contingency named.    I assume that, notwithstanding
this instrument became operative by its terms and by delivery so as to
pass the property described in it to the trustee, yet, under the circum-
stances of the case, being executed in expectation of death, and with
regard to that contingency only, the donor or settlor of the trust
would be entitled, in case of his recovery, to be reinvested with the
property, for a right in the nature of a power of revocation in that
contingency is to be inferred from the circumstances under which the
paper was delivered.    But, apart from the effect of the ultimate re-
covery of the settlor from his illness, there was an absolute and irrevo-
cable trust created by the delivery of the deed.    In the cases cited
by the appellant—Fisher v. Hall, 41 N. Y. 416, and Bryant v. Bryant,
42 N. Y. 11—the deeds of property were held to be inoperative for
want of a delivery so as to pass a present title.    No such difficulty ex-
ists in this case, the delivery having been established.    In Meiggs v.
Meiggs, 15 Hun, 453, also cited by appellant, it was held that no valid
trust was established for want of a complete and valid delivery of the
subject, and because of the evidence of an intention not to place the
property irrevocably beyond the donor's control.    The bonds, which
were delivered as a provision for the donor's children in the event
of financial disaster of the donor, were deposited subject to the lat-
ter's right to withdraw them.    In the case before us there was com-
plete and explicit provision made by an instrument in writing for
the disposition of the property by the trustee, a delivery of the in-
strument, and a delivery of the bank book, without which a demand
upon the bank would have been ineffectual, and therefore with the
plain intent to put the trustee in possession of the fund.    I can see
no objection to effectuating the will of the donor under these circum-

stances. I do not see why the donor, having the power to make a valid gift in expectation of death, could not provide, by the means he adopted, for a distribution of his personal property among several donees by the creation of a trust for that purpose.

The judgment should be affirmed, with costs.    All concur.